Harry W. SPEAR, Appellant,

v.

Peter M. ROBERTS, Appellee.

No. 82–1404.

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1982.

Decided June 9, 1982.

Rehearing Denied June 25, 1982.

Harry W. Spear, pro se.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

9. *E.g., In re Corrugated Container Litig. (Appeal of Culy)*, 647 F.2d 460, 460–61 (5th Cir. 1981) (per curiam) (appeal of contempt order).

PER CURIAM.

This is an appeal from the denial of a motion under Fed.R.Civ.P. 60(b) to set aside a judgment dismissing plaintiff's complaint. Plaintiff claims that defendant wrongfully deprived him of an invention, either by fraud or by breach of a confidential relationship, and that he is entitled to an award of damages. While an appeal was pending to this Court from the District Court's initial dismissal of the complaint, plaintiff submitted an additional affidavit. This Court suggested that the affidavit, which had not previously been presented to the District Court, should be filed with that Court in support of a motion under Rule 60(b), and plaintiff adopted that suggestion. The District Court, after examining the affidavit, reaffirmed its previous conclusion.

The facts are fully set out in the Report and Recommendation of the United States Magistrate[1] to whom the District Court referred the case, and we need not repeat them here. In sum, the Magistrate held that the allegations of plaintiff's complaint, even when given the liberal construction that modern rules of pleading require, simply failed to allege facts from which the necessary elements either of fraud or of a confidential relationship could be inferred. The District Court[2] agreed and adopted the Magistrate's recommendation that the complaint be dismissed for failure to state a claim.[3]

The appeal thus presents the single issue whether plaintiff's complaint alleged facts from which a claim under the Minnesota law of fraud or confidential relationships could be reasonably inferred. We have carefully considered the text of plaintiff's complaint, as well as his *pro se* brief submitted in this Court, and we are not persuaded that the District Court erred. We normally defer to the district courts' interpretation of the law of their own states, and we know of no Minnesota state-court authority that would cast any doubt on what the District Court did here.

It is possible that, if the facts alleged in the complaint are true, defendant may be in some fashion morally obligated to plaintiff, but we cannot say that the District Court committed any error of law in dismissing the complaint. The judgment is therefore affirmed.

---

1. The Hon. J. Earl Cudd, United States Magistrate for the District of Minnesota.

2. The Hon. Harry H. McLaughlin, United States District Judge for the District of Minnesota.

3. The Magistrate had also recommended that the complaint be dismissed for want of jurisdiction over the person of the defendant, but the District Court rejected this recommendation, and it is no longer at issue. For this reason, it is immaterial that the Magistrate failed to resolve a conflict in affidavits between plaintiff and defendant as to whether defendant had ever in fact been in the State of Minnesota.